## Graheck, Appellant, *v.* Pittsburgh Railways Company.

Argued May 26, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*A. W. Powell,* for appellant.

*James R. Orr,* with him *J. R. McNary,* for appellee.

OPINION BY MR. JUSTICE LINN, June 26, 1936:

The learned trial judge directed a verdict for defendant on the ground, as he stated to the jury, that it appeared "from the uncontradicted evidence, the plaintiff drove in front of the street car when it was only 50 feet away." The difficulty with that instruction is that the evidence was oral, and, while from part of defendant's evidence the jury might have found that the evidence offered on behalf of defendant correctly described the fact, the jury was not bound to believe it in the face of other evidence in the record. Nor can we agree that the evidence was uncontradicted in the sense that it enabled the court as matter of law to rule the point of contributory negligence. Taking the evidence in its sense most favorable to the plaintiff, the jury might have found the facts to be as follows: Plaintiff, having passed the street car some distance back, drove her automobile on the tracks at or near Dunlap Street which was over 155 feet from her driveway; she proceeded on the tracks to a point opposite the driveway leading into her property, and, having reached that point, began a right turn; her observation, made at the time, disclosed two automobiles traveling behind her in the same direction; she allowed them to pass. She had given a hand signal indicating her course from the street into the driveway, and, while making the turn, and before she completed crossing defendant's track, was struck by the street car coming from her rear and in the same direction in which she had traveled to the point where she began to turn right. One of her witnesses, a passenger on defendant's car, testified that he boarded the car 560 feet away from the point of collision; that the car made no stop from that point to the point of collision; that he paid his fare and received change from the operator of the car (it was a one-man car); that the change fell on the floor and both he and the motorman stooped to pick up the change, the car going meanwhile; that before they had picked up the change the collision took place. If the jury accepted

that view, it might have found the car was negligently operated for want of vigilance on the part of the operator. If it be true that the distance from the point of collision to what is called, in the evidence, the Dunlap stop, is over 155 feet, a point at which the car would have been visible to plaintiff when she began her right turn, we cannot say as matter of law that she was negligent in concluding that she could make the turn in safety. That question also was for the jury. Plaintiff was on the track in full view of the street car for a distance of 155 feet. Slowing down and holding out her hand, as has been said, to indicate her intention to make a turn, and waiting for other automobiles to pass, there is no room for the suggestion that she stopped so suddenly that defendants' operator had no opportunity to halt his car; it was for the jury to say whether she did all that was required in the circumstances.

The judgment is reversed and a new trial is awarded.